IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SIGFRIED D. WHITE, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 1:10-CV-4166-AT-ECS |
| CROWNE AVIATION SERVICES, LLC, | : | |
| | : | |
|     Defendant. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## ORDER, FINAL REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is presently before the Court on Plaintiff's motion to dismiss without prejudice, [Doc. 37], and Defendant's motion for summary judgment, [Doc. 31]. Also before the Court is the issue of whether Plaintiff should pay Defendant the attorney's fees it incurred as a result of Plaintiff's failure to attend his noticed September 1, 2011, deposition. See [Doc. 30]. For the reasons discussed herein, the Court **RECOMMENDS** that Plaintiff's motion to dismiss be **GRANTED**, and that Defendant's motion for summary judgment be **DENIED as moot**. In addition, Plaintiff is **ORDERED** and **DIRECTED** to pay Defendant its attorney's fees in the amount of $970.00.

**I.**

**Background**

On December 22, 2010, Plaintiff Siegfried D. White ("Plaintiff"), proceeding pro se, filed this civil action against Defendant Crowne Aviation Services LLC ("Defendant"), alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). [Docs. 1, 3]. After Defendant filed its answer and the parties submitted their respective discovery plans, the Court assigned the case to a four-month discovery track, a period ending on September 6, 2011. [Doc. 19]. By August 2011, however, discovery had stalled. Plaintiff failed to respond to Defendant's first set of interrogatories and request for production of documents by the deadline date of August 8, 2011. As a result, Defendant filed its first motion to compel. See [Doc. 20]. Similarly, after Plaintiff failed to attend his deposition on September 1, 2011, Defendant filed a second motion to compel, which sought not only an extension of the discovery period but also attorney's fees and reasonable expenses.[1] See [Doc. 25].

On October 5, 2011, this Court granted both motions to compel and ordered Plaintiff to show cause in writing why Defendant should not be granted attorney's fees and reasonable expenses. [Doc. 30 at

_____

[1] Defendant's second motion also sought dismissal of the action, but the undersigned declined to grant such relief. See [Doc. 30 at 6].

AO 72A
(Rev.8/82)

8]. The Court also extended the discovery period for an additional two months, to and until November 4, 2011. [Id.]. On October 17, 2011, Plaintiff responded to the show cause order,[2] [Doc. 34], but the Court has yet to rule on whether to award fees.

On October 5, 2011, the same day the Court issued its Order on the motions to compel and discovery extension, Defendant filed the instant motion for summary judgment. [Doc. 31]. Plaintiff did not respond to Defendant's motion; however, on November 14, 2011, Plaintiff filed the instant "Motion to Dismiss." [Doc. 37]. Plaintiff's motion seeks to dismiss his complaint without prejudice pursuant to "Federal Rule of Civil Procedure 41," because he does not "have the experience ... an attorney ... [or] money for an attorney." [Id.]. Plaintiff further submits in his motion that he does not "know the rules [or] understand the Federal Rules of Civil Procedure." [Doc. 37]. Defendant opposes Plaintiff's motion to dismiss on the grounds that this case "has been fully litigated, ... Defendant's motion for summary judgment has been prepared and filed, and it would be unfair to dismiss this matter without prejudice, when it should be dismissed with prejudice." [Doc. 38 at 2]. Defendant further contends that the timing of Plaintiff's motion to dismiss suggests that Plaintiff is aware that summary judgment

---

[2] Plaintiff's filing is styled as a response to Defendant's motion to compel, but the Court construes it as one in response to the show cause order.

should be granted and that Plaintiff intends to "extort funds" from Defendant by threatening to re-file the case. [Id.].

Thus, the issue to be decided in this Report & Recommendation is not whether to dismiss the case; both parties seek that result. Instead, the issue is whether the dismissal should be with or without prejudice.

## II.
## Discussion

**A. Dismissal Under Rule 41**

**1.  Relevant Law**

Rule 41(a)(1) of the Federal Rules of Civil Procedure permits a plaintiff to dismiss an action voluntarily and without prejudice only when he files a notice of dismissal before the defendant files an answer or motion for summary judgment.  Fed. R. Civ. P. 41(a)(1)(A)(i).  Once the defendant has filed a summary judgment motion or answer, the plaintiff may dismiss the action only by stipulation under Rule 41(a)(1)(A)(ii), or by order of the court, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); see also Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 394-95 (1990). As noted above, Plaintiff filed his motion to dismiss after Defendant filed its motion for summary judgment, and Defendant is opposed to Plaintiff's motion. Therefore, Plaintiff must proceed with his motion to dismiss under Rule 41(a)(2). See Maxum Indem. Co. v. Western Heritage Ins. Co., No. 5:12-CV-27 (CAR), 2012 WL 1672902,

at *3 n.1 (M.D. Ga. May 14, 2012) (noting that plaintiff must proceed with a motion to voluntarily dismiss under Rule 41(a)(2) where defendant "has filed a motion for summary judgment and opposes Plaintiff's motion" to dismiss without prejudice).

Unless otherwise stated in the court's order, a dismissal under Rule 41(a)(2) is without prejudice. However, in applying Rule 41(a)(2), the Eleventh Circuit has stated:

> A voluntary dismissal without prejudice is not a matter of right. Although we have said that in most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit, the decision whether or not to grant such a dismissal is within the sound discretion of the district court....

Fisher v. Puerto Rico Marine Mgmt., 940 F.2d 1502, 1502-03 (11th Cir. 1991). "When exercising its discretion in considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of the defendants." Id. at 1503. In this regard, "[t]he crucial question to be determined is, would the defendant lose any substantial right by the dismissal." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001).

No exact formula determines whether a defendant would "suffer 'plain prejudice' versus the 'mere prospect of a second lawsuit.'" Mosley v. JLG Indus. Inc., No. 7:03cv119HL, 2005 WL 2293567, at *3 (M.D. Ga. Sept. 20, 2005). In Pontenberg, a panel for the Eleventh

5

Circuit found that "[n]either the fact that the litigation has proceeded to the summary judgment stage nor the fact that the plaintiff[] ... has not been prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss without prejudice." 252 F.3d at 1256. Moreover, the court stated that "the mere attempt to avoid an adverse summary judgment ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice." Id. at 1258 (citing McCants v. Ford Motor Co., Inc., 781 F.2d 855 (11th Cir. 1986).

"If a court grants a dismissal without prejudice under Rule 41(a)(2), it possesses broad discretion in determining what terms and conditions, if any, should be imposed as a condition for dismissal." Jones v. Smartvideo Technologies, Inc., No. 1:06-cv-2760-WSD, 2007 WL 1655855, at *3 (N.D. Ga. June 4, 2007)(citing Farmaceutisk Laboratorium Ferring v. Reid Rowell, Inc., 142 F.R.D. 179, 181 (N.D. Ga. 1991)). "[T]he district court must exercise its broad equitable discretion under [the Rule] to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Potenberg, 252 F.3d at 1256 (citing McCants, 781 F.2d at 857).

6

**2. Plaintiff's Motion to Dismiss Should be Granted**

Having considered the circumstances of this case, the Court finds that Defendant will not suffer legal prejudice sufficient to warrant denial of Plaintiff's motion. No evidence suggests that Plaintiff filed his motion in bad faith or that he plans to "extort money" from Defendant in the future, despite Defendant's apprehensions. And, even assuming that Plaintiff filed his motion to avoid summary judgment, "the mere attempt to avoid an adverse summary judgment ruling ... does not constitute plain legal prejudice." Potenberg, 252 F.3d at 1258 (citing McCants, 781 F.2d at 857).

The Court recognizes that Plaintiff's lack of diligence in this case has been objectionable in some respects (i.e., failing to update his mailing address with the Clerk), but the record does not show a clear pattern of dilatory behavior or vexatious filings and motions. Moreover, Plaintiff responded to Defendant's discovery requests and rescheduled his deposition while Defendant's motions to compel were pending, thereby preventing excessive delay. Compare McBride v. JLG Industries, Inc., 189 Fed. App'x 876 (11th Cir. 2006) (denial of plaintiff's Rule 41(a)(2) motion justified where significant time had passed, numerous motions had been filed, and discovery extensions had been granted for naught); Stephens v. Georgia Dept. of Transp., 134 Fed. App'x. 320, 323 (11th Cir. 2005)

(same); with <u>Paul v. Georgia Southern</u>, No. 5:09-CV-296 (HL), 2010 WL 4639239 (M.D. Ga. Nov. 4, 2010) (plaintiff's refusal to give a deposition did not justify denial of Rule 41(a)(2) motion without prejudice). Thus, even though "[c]ourts are more likely to deny a voluntary dismissal where the plaintiff has been dilatory in conducting the litigation," <u>Jones</u>, 2007 WL 1655855 at *3, such circumstances do not appear to be present here.

Additionally, the prejudice Defendant claims it will suffer (the filing of a second lawsuit) is unlikely to occur. When a Title VII suit is dismissed without prejudice, "the statute of limitations is deemed unaffected by the filing of the suit, so that if the statute of limitations has run the dismissal is effectively with prejudice." <u>Ciralsky v. C.I.A.</u>, 355 F.3d 661, 669 (D.C. Cir. 2004) <u>accord</u> <u>Bost v. Fed. Express Corp.</u>, 372 F.3d 1233, 1242 (11th Cir. 2004) (dismissal of an ADEA complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations). The record reflects that Plaintiff's ninety-day right-to-sue notice was mailed on September 13, 2010. <u>See</u> [Doc. 3-1 at 1]. Once Plaintiff's motion to dismiss is granted and the complaint dismissed, any re-filed Title VII claims based on these facts should be outside the limitations period and, therefore, subject to dismissal.  In sum, whether this action is dismissed with or without prejudice should have little practical consequence.

8

For all of the above stated reasons, the Court **RECOMMENDS** that Plaintiff's motion to dismiss without prejudice, [Doc. 37], be **GRANTED** and that Defendant's motion for summary judgment, [Doc. 31], be **DENIED as moot.**

## B. Attorney's Fees Award

As discussed, this Court granted Defendant's motions to compel [Docs. 20, 25], on October 5, 2011.  The Court declined to dismiss Plaintiff's complaint as a disciplinary sanction, but ordered Plaintiff to show cause why Defendant should not be granted attorney's fees and reasonable expenses. [Doc. 30]. Defendant has submitted an affidavit from counsel showing that it incurred $970.00 in attorney's fees as a result of Plaintiff's failure to attend his September 1, 2011, deposition, and attesting to the reasonableness of these fees. [Doc. 25-1]. Plaintiff contends that the parties never agreed on a September 1, 2011, deposition date. [Doc. 34 at 1-2]. He also states that he attempted to call Defendant's counsel in August 2011 "to tell him [he] couldn't make it," but counsel refused to talk to "pro-se litigate [sic] who are not represented by counsel." [Doc. 34 at 2]. Plaintiff also points to the fact that he later attended his rescheduled deposition on October 13, 2011. [Id.].

Federal Rule 37(d)(1) provides that where a party has failed to attend his own deposition after being served with proper notice,

the court may order sanctions. Rule 37(d)(3) further provides that "instead of or in addition to other sanctions, the court must require the party failing to act ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added).

Here, Plaintiff has not shown that his failure to appear for deposition and to respond to discovery was justified, nor has he shown any other legal excuse that would make a $970.00 attorney's fees award unjust. Indeed, Plaintiff does not refute that he was served with proper notice of his scheduled deposition. He also did not file a motion for protective order. Rather, Plaintiff states that he "tried" to call Defendant's counsel once "on or about August 2011" and gave up after he was allegedly told that counsel does not "talk to pro-se litigate [sic]." [Doc. 34]. Defendant states that Plaintiff did not object to the deposition date prior to the deposition. Furthermore, Plaintiff did not appear for the re-scheduled deposition or respond to the written discovery until after Defendant filed its motion to compel. Plaintiff's explanations are therefore insufficient and do not show any justification, much less "substantial justification," for failing to attend his noticed deposition. Fed. R. Civ. P. 37(d). Nor do other circumstances make an award of attorney's fees unjust.

AO 72A
(Rev.8/82)

Having previously granted Defendant's motions to compel, and in light of the foregoing, Defendant is hereby **AWARDED** attorney's fees and expenses in the amount of $970.00 against Plaintiff as sanctions for his failure to act in appearing for his deposition and in not serving full and complete responses to Defendant's discovery.

## III.
## Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's motion to dismiss without prejudice, [Doc. 37], be **GRANTED**, and that Defendant's motion for summary judgment, [Doc. 31], be **DENIED as moot**.  In addition, Plaintiff is **ORDERED** and **DIRECTED** to pay Defendant attorney's fees in the amount of $970.00 for costs it incurred as a result of Plaintiff's failure to attend his noticed deposition.

**SO ORDERED, REPORTED AND RECOMMENDED**, this 30th day of July, 2012.


s/ *E. Clayton Scofield*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE


11

12

AO 72A
(Rev.8/82)